UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

BOSTON DIVISION                                           Civil Action No., 04-12413-RGS

GARDEN CITY BOXING CLUB, INC.
As Broadcast Licensee of the April 12, 2003
Barrera/Kelly, Program,
                    Plaintiff,

v.                                                                  **ANSWER AND
                                                                    JURY CLAIM**

KATHLEEN A. BORYS, Individually, and as
Officer, director, shareholder, and/or principal of
CALUMET TAVERN, INC. d/b/a CALUMET
TAVERN, and CALUMET TAVERN, INC.
d/b/a CALUMET TAVERN;
                    Defendants

## ANSWER OF KATHLEEN A. BORYS AND CALUMET TAVERN

Defendants, **KATHLEEN A. BORYS, and the CALUMET TAVERN, INC.,** (hereinafter referred to collectively as "Calumet") by their attorney, Albert F. Cullen, Jr., set forth their answer to the plaintiff's complaint:

## JURISDICTION AND VENUE

1. Paragraph 1. sets forth alleged jurisdictional grounds and requires no answer. To the extent an answer is required Calumet states that 47 U.S.C. §553 applies to the cable television transmissions and not satellite.  47 U.S.C. §605 applies to radio signals and not satellite.

2. Calumet denies the allegations contained in Paragraph 2.

3. Calumet admits the allegations contained in Paragraph 3.

4. Calumet denies the allegations contained in Paragraph 4.

## THE PARTIES

5. Calumet has insufficient knowledge to admit or deny Paragraph 5.

6. Defendant Kathleen A. Borys admits the allegations contained in Paragraph 6.

7. Defendant Calumet Tavern, Inc. admits the allegations contained in Paragraph 7.

8. Calumet admits the allegations contained in Paragraph 8.

9. Calumet denies the allegations contained in paragraph 9.

10. Calumet denies the allegations contained in Paragraph 10.

## COUNT 1

11. Calumet hereby incorporates by reference all of defendants' answers contained in paragraphs "1" through "10", inclusive as set forth herein.

12. Calumet has insufficient knowledge to admit or deny Paragraph 12.

13. Calumet has insufficient knowledge to admit or deny Paragraph 13.

14. Calumet has insufficient knowledge to admit or deny Paragraph 14.

15. Calumet denies the allegations contained in Paragraph 15.

16. Calumet denies the allegations contained in Paragraph 16.

17. Calumet denies the allegations contained in Paragraph 17.

18. Calumet denies the allegations contained in Paragraph 18.

19. Calumet denies the allegations contained in Paragraph 19.

20. Calumet denies the allegations contained in Paragraph 20.

21. Calumet denies the allegations contained in Paragraph 21.

## **COUNT 2**

22. Calumet hereby incorporates by reference all of the defendants' answers contained in paragraphs "1" through "21", inclusive as set forth herein.

23. Calumet denies the allegations contained in Paragraph 23.

24. Calumet has insufficient knowledge to admit or deny Paragraph 24.

25. Calumet denies the allegations contained in Paragraph 25.

26. Calumet denies the allegations contained in Paragraph 26.

27. Calumet denies the allegations contained in Paragraph 27.

## COUNT 3

28. Calumet hereby incorporates by reference all of the defendants' answers contained in paragraphs "1" through "27", inclusive as set forth herein.

29. Calumet denies the allegations contained in Paragraph 29.

30. Calumet denies the allegations contained in Paragraph 30.

31. Calumet denies the allegations contained in Paragraph 31.

32. Calumet denies the allegations contained in Paragraph 32.

33. Calumet denies the allegations contained in Paragraph 33.

## AFFIRMATIVE DEFENSES

1. The Plaintiff fails to state a claim as defined pursuant to 47 U.S.C. §§553, 605.

2. The Plaintiff is not and was not registered to do business in the Commonwealth of Massachusetts as required by M.G.L. ch. 156A and therefore cannot maintain this action.

3. 47 U.S.C. Sec. 553 does not apply to the transmission of satellite signals.

4. 47 U.S.C. Sec. 605 does not apply to the transmission of satellite signals.

5. The defendant Borys did not receive, assist in receiving, transmitting or assist in transmitting or distributing the program as alleged in the complaint.

WHEREFORE, the defendants, KATHLEEN A. BORYS and the CALUMET TAVERN, INC., requests that this court deny the relief sought in the Plaintiff's complaint.

DEFENDANTS, KATHLEEN A. BORYS, AND CALUMET TAVERN, HEREBY DEMAND A TRIAL BY JURY ON ALL COUNTS.

Dated: December 27, 2004

                KATHLEEN A. BORYS &
                CALUMET TAVERN, INC.
                By Their Attorney:

                /s/*Albert F. Cullen, Jr.*
                Albert F. Cullen, Jr.
                BBO#107900
                30 Mass Ave.
                N. Andover, MA 01845
                (978) 794-5658

## **CERTIFICATE OF SERVICE**

    I, Albert F. Cullen, Jr., hereby certify that a true copy of the above document was served upon Wayne Lonstein, 1 Terrace Hill, PO Box 351, Ellenville, NY 12428 by first class mail on December 28, 2004.

                /s/ *Albert F. Cullen, Jr.*
                Albert F. Cullen, Jr.